UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANICE LEE, BON HYUB KOO, RYAN JUN-MO KOO, HONG SEA LEE, and YOON SOON LEE**<br><br>    Plaintiffs,<br><br>  v.<br><br>**TMZ PRODUCTIONS INC., DAILY NEWS L.P, JOSEPH STEPANSKY, ERIK BADIA, CORKY SIREMASZKO, DAVID HANDSCHUH, SHOWBIZ NEWS THE KOREA TIMES, CHEON JI HUN UPTOWN MAGAZINE, NATALI RIVERS, ROLLINGOUT, TERRY SHROPSHIRE, DIRTY SPORTS, CHURCH ILBO, YOUR DAILY MEDIA, MAMO, ALL THINGS CRIME, TIGGERDROPPINGS, JOHN DOES and JANE DOES 13-15.**<br><br>    Defendants. | Civ. No. 2:15-00234 (WJM)<br><br>**AMENDED OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

   Janice Lee and members of her family have brought suit against various media outlets alleging, *inter alia*, libel.  They specifically allege that Defendants falsely reported Lee's involvement in a drug and prostitution scandal that was the subject of a government investigation.  This matter comes before the Court on four separate motions to dismiss, all made pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because the articles at issue are protected by New Jersey's fair-report privilege, the motions will be **GRANTED**.

   **I.    BACKGROUND**

   Plaintiff Janice Lee is a New Jersey resident who makes a living as a sales account manager for an international distributor of wigs and hair products.  On January 30, 2014

1

the New York Attorney General's Office (hereinafter, "the NYAG") held a press conference in which it announced that it had uncovered an illicit drug and prostitution ring that catered to high-end clientele.  According to the NYAG's press release, the ring's members would peddle "party-packs" consisting of cocaine and prostitutes and then launder the illegal proceeds through front businesses.  The press release also announced eighteen arrests made in connection with the ring, including the arrest of Lee.  Additionally, the NYAG filed a felony complaint against Lee, accusing her of various drug and prostitution-related offenses.

Dishearteningly, it appears that the NYAG had the wrong woman when it implicated Lee in the illicit ring.  According to a separate complaint filed by Lee against New York Attorney General Eric Schneiderman and other defendants, authorities falsely arrested Lee and imprisoned her for six days.  Despite mountains of evidence demonstrating that Lee had no role in the illicit ring, it took authorities nearly a week to release her from jail, and even longer to drop the charges filed against her.

After the NYAG's press conference and filing of the felony complaint, but before Lee's exoneration, various media outlets published news articles pertaining to the investigation.  For the purposes of this opinion, the relevant articles were published by the following media outlets: (1) Daily News, L.P.; (2) The Korea Times New York, Inc. (hereinafter, "KTNY");[1] (3) Your Daily Media; and (4) All Things Crime.  Generally, Lee alleges that these articles were defamatory because they portrayed her as a 'prostitute, drug dealer, and member of an organized criminal gang.'  The following are additional allegations specific to each article.

A.  Daily News, L.P. ("the Daily News")

The Daily News published an online article on January 30, 2014 with the headline "'One-stop shopping' drug and prostitution ring, Asian Wave Escorts, busted ahead of Super Bowl."  According to the complaint, the article makes the following defamatory marks about Lee:

- "The prostitutes identified in court papers were no spring chickens.  They ranged in age from 26 to 56 and four of them were in their 40s."

- "The ring specialized in 'party-packs,' where johns were enticed to buy cocaine and other drugs to go along with the sex."

- "The arrested prostitutes were identified as: Young Mi Lee, 40…and Janice Lee, 40."

---

[1] The case caption generically names "the Korea Times" as a Defendant.

### B. KTNY

KTNY published an on-line article titled "990 Apartments…Korean Community's Secret Exposed – Shocking Korean prostitution ring uncovered, internet advertising, soliciting clients by texting." According to the complaint, the Korean-language article conveyed that the criminal ring was unprecedented, the sting operation shocked the community, and the illicit enterprise was a highly organized and sophisticated operation. The complaint further alleges that the article published Lee's name and a photo of an NYAG visual aid that displayed Lee's face.

### C. Your Daily Media

Your Daily Media published an online news article titled "Police Bust Prostitution Ring Promising Cocaine & Hooker Super Bowl Party Pack." While the other articles relevant to this opinion are factual in nature, Your Daily Media takes on a more satirical tone, offering its opinion that the NYAG did a great public service by busting the ring because drugs and prostitution would spoil upcoming Super Bowl parties. Lee alleges that Your Daily Media defamed her by using her name and displaying her photo in its article.

### D. All Things Crime

On February 6, 2014, "All Things Crime" published an article titled "Super Bowl Shocker: Prostitution Ring Busted in Connection to Big Game." Although the article does not mention Lee by name, it includes a photo of the NYAG visual aid that displayed Lee's face.

According to Lee, the article published the following defamatory statements:

- "Only now, days later, has a particular news story related to the Super Bowl provided some dreadful clarity. The essence of the big game has now been captured and brought into plain view. The headline says it all…"

- "Obviously, kidnapping juveniles and forcing them into prostitution is a shocking and despicable crime. But should we really be surprised that such crimes are part of the equation, on Super Bowl weekend?"

On January 12, 2015 Lee filed her complaint against the media outlets (and some of their employees) that were responsible for publishing the above-described articles. In addition to Lee, members of Lee's family appear to assert derivative claims based on the same underlying allegations. After being served with the complaint, the moving

Defendants filed motions to dismiss.[2] In addition to opposing those motions, Lee filed a motion to strike certain exhibits attached to Defendants' motions.

## II.   MOTION TO STRIKE

Lee has moved for this Court to strike the following exhibits from Defendants' motions: (1) the January 30, 2014 NYAG press release regarding the drug and prostitution ring and Lee's arrest; (2) a January 26, 2015 Daily News article regarding Lee's false arrest suit; (3) an English translation of the January 31, 2014 KTNY article reporting on Lee's arrest; and (4) an English translation of a January 31, 2015 KTNY article reporting that Lee was falsely arrested.[3] Lee argues that those documents are "extraneous and hearsay" and therefore cannot be considered on a motion to dismiss.

"In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" *Banco Popular v. Ghandi*, 184 N.J. 161 (2003) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir.2003), *cert. denied*, 543 U.S. 918, (2004)). A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." *Lum*, 361 F.3d at 222 n.3 (citing *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196. Considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered. *See Burlington Coat Factory*, 114 F.3d at 1426.

Lee's motion to strike is granted in part and denied in part. The January 30, 2014 NYAG press release is a government-issued press release that can be considered as a matter of public record, and therefore will not be stricken. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 414 n.6 (3d Cir.2006). *See also*, *Stepski v. M/V NORA SIA ALYA*, No. 7:06-cv-01694, 2010 WL 6501649, *5 (S.D.N.Y. Jan. 14, 2010) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir.1991)). Moreover, Lee does not dispute the press release's authenticity. *See, e.g., Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1195 n.1 (3d Cir.1993). The Court will also consider the English translation of the January 31, 2014 KTNY article that reported on Lee's arrest. *Negrin v. Kalina*, No. 09 CIV 6234, 2010 WL 2816809, at *2 n.4 (S.D.N.Y. July 15, 2010) (citations omitted). In

---

[2] Lee has named other media outlets as Defendants in this action. Those Defendants have either not been served with the complaint, or have been served but have failed to move or otherwise respond.

[3] Multiple Defendants attached the January 30, 2014 NYAG press release to their motions. KTNY attached English translations of two of its articles to its motion to dismiss, whereas Your Daily Media attached the January 26, 2015 Daily News article to its motion to dismiss.

doing so, the Court notes that Lee does not dispute the accuracy of the translation. Additionally, it would be unjust for Lee to rely on the Korean-language article in her complaint and then prevent KTNY from explaining the article's contents in a Rule 12(b)(6) motion to dismiss. *Cf. In re Burlington Coat Factory Sec. Litig.*, 114 F.2d 1410, 1426 (3d Cir.1997) (court may consider a document "integral to or explicitly relied upon in the complaint" on a motion to dismiss).[4]

However, the Court will strike the articles that concern Lee's lawsuit against the authorities responsible for her arrest. Those documents are not relied upon by Lee, nor are they integral to her complaint. Moreover, KTNY and Your Daily Media have made no showing as to why those articles can be considered on a Rule 12(b)(6) motion to dismiss. Consequently, those exhibits will be stricken.

## III.   MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

---

[4]Lee is incorrect when she asserts that the January 30, 2014 NYAG press release is impermissible hearsay. Defendants do not offer that document for the purpose of demonstrating that the NYAG allegations are true; rather, they offer it to show that the NYAG officially made those allegations in a public meeting. *See, e.g., Biro v. Conde Nast*, 883 F. Supp. 2d 441, 455 (S.D.N.Y. 2012). Similarly, KTNY has attached its January 31, 2014 article so that its contents can be compared to official government statements.

5

Lee has asserted three claims against the moving Defendants: (1) Libel; (2) Libel Per Se; and (3) "Negligent, Reckless & Intentional Infliction of Emotional Distress." Additionally, members of her family appear to have filed derivative claims. For the reasons stated below, all claims against the moving Defendants will be dismissed with prejudice.

### A. Libel and Libel Per Se (Counts One and Two)

Lee's libel claims must be dismissed under New Jersey's fair-report privilege.[5] The fair-report privilege "protects the publication of defamatory matters that appear in a report of an official action or proceeding, or of a meeting open to the public that deals with a matter of public concern." *Salzano v. North Jersey Media Group Inc.*, 201 N.J. 500, 513 (2000). The privilege is in part premised on the notion that liability concerns should not deter the press from fully and accurately reporting the proceedings of government, as those proceedings tend to involve matters of public concern. *See id.* (citing *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 491-92 (1975)). In order for a publication to be protected under the fair-report privilege, it must be a "full, fair and accurate" account of the official public proceeding. *Costello v. Ocean County Observer*, 136 N.J. 594, 607 (1994) (citing *Brock v. Plainfield Courier-News*, 45 N.J.Super. 302, 307 (App.Div.1957)). The privilege may be available even where an article is not accurate in every single respect; "[i]t is enough that it conveys to the persons who read it a substantially correct account of the [contents of the official document]." *Id.* (citing Restatement (Second) of Torts, § 611 cmt f (1976)).

The fair-report privilege applies to the four publications at issue because they all present a "full, fair and accurate account" of an NYAG press conference (and subsequent press release) concerning one of its investigations. For the most part, the Daily News merely republishes statements that New York Attorney General Eric Schneiderman gave at the press conference. The article also accurately reports that Lee was arrested, notwithstanding the fact that the arrest was later found to be made in error. Similarly, the All Things Crime article relies on quotes from law enforcement authorities and does not even mention Lee by name. Lee argues that the article is defamatory because it shows her face on a visual display presented at the NYAG press conference. However, there is no reason to treat the NYAG's visual display any differently from its oral or written statements; both are matters presented at an official government meeting, and therefore may be subject to the fair-report privilege. *Cf. Lavin v. New York News, Inc.*, 757 F.2d 1416, 1420-421 (3d Cir. 1985) (applying fair-report privilege to publication after assessing photograph in conjunction with article and headline). For that reason, the Your Daily Media article is also protected, because it accurately describes a "police bust" while publishing a photo taken from the NYAG press conference.[6] Finally, the KTNY article is subject to the fair-report privilege

---

[5] Lee does not object to the application of New Jersey law to this dispute.

[6] The Your Daily Media article also includes jocular commentary on why it believes the presence

6

because it merely provides an accurate description of the NYAG investigation, quotes New York Attorney General Eric Schneiderman, references the indictment, and displays a visual aid from the NYAG press conference.

Lee contends that the fair-report privilege does not apply because portions of the articles misleadingly omit words like "allege" or "accuse." However, the Supreme Court of New Jersey expressly rejected that argument in *Salzano v. North Jersey Media Group Inc.*, where it held that a publication with a headline that certain funds "were taken" was not misleading, even though the "taking" was only alleged and had not yet been adjudicated. In doing so, the court noted that in its entirety, the article accurately reported that the taking of funds was merely alleged and did not leave the impression that the allegations were found to be true. 201 N.J. 500, 524 (2010) (an isolated statement "is not to be considered in a vacuum but must be viewed on the backdrop of the entire report.") (citations omitted). Similarly, the articles here, when viewed in their entirety, accurately convey that Lee was arrested as part of a sting on a drug and prostitution ring. While some of the articles describe the operation in greater detail without using words like "allege" or "accuse" in every instance, none leave the impression that any of the arrestees have been convicted or that any of the allegations have been otherwise adjudicated. *See, e.g., Costello*, 136 N.J. at 625 ("In a fair report, the defendant is not required…to justify every word of the alleged defamatory matter; it is sufficient if the substance, the gist, the sting of the libelous charge be justified….") (citations and quotations omitted). Consequently, the fair-report privilege applies and Lee's libel claims are **DISMISSED WITH PREJUDICE**.

B. Negligent, Reckless & Intentional Infliction of Emotional Distress (Count Three)

Lee's claims for intentional infliction of emotional distress and negligent infliction of emotional distress also fail. Where an infliction of emotional distress claim is predicated on the same conduct alleged in an unsuccessful defamation claim, the emotional distress claim must also fail. *G.D. v. Kenny*, 205 N.J. 275, 307 (2011); *Decker v. Princeton Packet*, Inc., 116 N.J. 418, 432 (1989). The rule recognizes that "[i]t would obviously be intolerably anomalous and illogical for conduct that is held not to constitute actionable defamation nevertheless to be relied on to sustain a different cause of action based solely on the consequences of that alleged defamation." *LoBiondo v. Schwartz*, 323 N.J.Super. 391, 417 (N.J. Super. Ct. App. Div. 1999). Lee's infliction of emotional distress claims – both intentional and negligent – are premised on the exact same conduct as her libel claims. Because her libel claims fail under the fair-report privilege, her emotional distress claims must also be **DISMISSED WITH PREJUDICE**.

---

of prostitutes and drugs would detract from a Super Bowl party. Because such commentary is a matter of opinion that cannot be proved or disproved objectively, it cannot be the subject of a libel claim. *DeAngelis v. Hill*, 180 N.J. 1, 14-15 (2004) (citing *Ward v. Zelikovsky*, 136 N.J. 516, 531 (1994)).

### C. <u>Derivative Claims (All Counts)</u>

Members of Lee's family also appear to assert derivative claims arising out of the four news articles at issue. Where the claims underlying a derivative claim are unsuccessful, the derivative claim must also fail. *Petrocelli v. Daniel Woodhead Co., a Subsidiary of Woodhead Industries, Inc.*, 993 F.2d 27, 30 (3d Cir.1993) (citing *Rex v. Hutner*, 26 N.J. 489, 490 (1958)). Because the underlying defamation and emotional distress claims are subject to a Rule 12(b)(6) dismissal, the derivative claims must also be **DISMISSED WITH PREJUDICE**.

### IV. CONCLUSION

For the foregoing reasons, Lee's motion to strike is **GRANTED in part and DENIED in part**. Defendants' motions to dismiss are **GRANTED**. Lee's complaint as against the moving Defendants is **DISMISSED WITH PREJUDICE**.

      /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 10, 2015 (amended on September 24, 2015)**