UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANICE LEE, BON HYUB KOO, RYAN JUN-MO KOO, HONG SEA LEE, and YOON SOON LEE**<br><br>      **Plaintiffs,**<br><br>      v.<br><br>**TMZ PRODUCTIONS INC., DAILY NEWS L.P, JOSEPH STEPANSKY, ERIK BADIA, CORKY SIREMASZKO, DAVID HANDSCHUH, SHOWBIZ NEWS THE KOREA TIMES, CHEON JI HUN UPTOWN MAGAZINE, NATALI RIVERS, ROLLINGOUT, TERRY SHROPSHIRE, DIRTY SPORTS, CHURCH ILBO, YOUR DAILY MEDIA, MAMO, ALL THINGS CRIME, TIGGERDROPPINGS, JOHN DOES and JANE DOES 13-15.**<br><br>      **Defendants.** | Civ. No. 2:15-00234 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Janice Lee and members of her family have brought suit against TMZ Productions, Inc. ("TMZ") alleging, *inter alia*, libel. This matter comes before the Court on TMZ's motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, TMZ's motion will be **GRANTED**.

  **I.  BACKGROUND**

    The Court assumes familiarity with the facts and writes for the benefit of the parties.[1] The New York Attorney General's Office (hereinafter, "the NYAG") falsely implicated

---

[1] A more detailed discussion of Lee's allegations can be found in the Court's prior opinion issued in this matter. *See* Opinion Dated Sept. 24, 2015, ECF No. 43.

Lee in a drug and prostitution ring. Specifically, on January 30, 2014, the NYAG held a press conference explaining its investigation and providing the names of the accused, including Lee. Various media outlets, including TMZ, published news articles that described the investigation and Lee's alleged involvement in the illicit ring. The TMZ articles, which are the sole focus of this opinion, state the following:

- Super Bowl Prostitution Bust was Asian Invasion

- The high-end, coke-fueled prostitution ring that was just busted…was comprised of a small army of Asian hookers … who take credit cards.

- NY officials say the prostitutes had their eyes set on Seahawks and Broncos fans…

- Officials say the ring made millions, with the help of pimps who fronted phony businesses to funnel the sex profits.

- All of the women nailed – in what NYPD calls Operation Shade of Beige – are Asian

*See* Complt., Exs. 2-5. Some of the TMZ articles also include a chart produced by the NYAG in connection with its investigation. The chart displays the names and photos of the women alleged involved in the ring, including Lee. Additionally, one of the articles displays a screenshot from a video advertising Asian escorts. *See id*.

Eventually, Lee's name was cleared of any wrongdoing. Later, in January 2015, Lee[2] sued multiple media outlets that reported on the NYAG investigation. In doing so, Lee alleged that the articles regarding the investigation were defamatory. A group of four media outlets, which did not include TMZ,[3] successfully moved to dismiss Lee's complaint on the grounds that the articles at issue were protected by New Jersey's fair-report privilege. *See Lee v. TMZ Productions Inc.*, Civ. No. 2:15-00234 (WJM), 2015 WL 5638081 (D.N.J. Sept. 24, 2015). In granting the motions to dismiss, the Court held the following: "The fair-report privilege applies to the four publications at issue because they all present a 'full, fair and accurate account' of an NYAG press conference (and subsequent press release) concerning one of its investigations." *Id*. at *4.

TMZ now moves to dismiss, arguing that the articles it published are also protected by the fair-report privilege.

---

[2] It appears that members of Lee's family have also asserted derivative claims.

[3] TMZ initially failed to respond to Lee's complaint. Lee moved for default judgment against TMZ, but consented to withdrawing that motion so the case could be decided on the merits. See ECF No.

## II.     DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Just as it did in its prior opinion, the Court finds that the articles at issue are protected by the fair-report privilege. Consequently, the Court will grant TMZ's motion to dismiss. The fair-report privilege "protects the publication of defamatory matters that appear in a report of an official action or proceeding, or of a meeting open to the public that deals with a matter of public concern." *Salzano v. North Jersey Media Group Inc.*, 201 N.J. 500, 513 (2000). An article is protected under the fair-report privilege where it presents a "full, fair and accurate" account of the official public proceeding. *Costello v. Ocean County Observer*, 136 N.J. 594, 607 (1994) (citing *Brock v. Plainfield Courier-News*, 45 N.J.Super. 302, 307 (App.Div.1957)). For the privilege to apply, the article need not be accurate in every single respect; "[i]t is enough that it conveys to the persons who read it a substantially correct account of the [contents of the official document]." *Id.* (citing Restatement (Second) of Torts, § 611 cmt f (1976)).

Here, the TMZ article accurately reports that authorities arrested a number of women in connection with an investigation into a drug and prostitution ring. The report does not state that the women had been convicted; rather, it conveys that officials were accusing

them of illegal activity.  Therefore, the gist of the articles is that the women were facing serious allegations that had yet to be proven.  *See, e.g., Costello*, 136 N.J. at 625 ("In a fair report, the defendant is not required…to justify every word of the alleged defamatory matter; it is sufficient if the substance, the gist, the sting of the libelous charge be justified….") (citations and quotations omitted).  Moreover, as conceded in her opposition to TMZ's motion, Lee is not even mentioned in any of the TMZ articles.  Lee notes that one of the TMZ articles displays an NYAG visual aid that provides Lee's name and photograph.  As the Court has already held, however, "there is no reason to treat the NYAG's visual display any differently from its oral or written statements; both are matters presented at an official government meeting, and therefore may be subject to the fair-report privilege."  *See Lee*, 2015 WL 5638081, at *4 (citing *Lavin v. New York News, Inc.*, 757 F.2d 1416, 1420-21 (3d Cir. 1985)).[4]  Finally, while some of the jocular commentary contained in the articles may be distasteful to many, it nonetheless constitutes an opinion that cannot be the subject of a libel claim.  *DeAngelis v. Hill*, 180 N.J. 1, 14-15 (2004) (citing *Ward v. Zelikovsky*, 136 N.J. 516, 531 (1994)).  Therefore, the libel and libel *per se* counts against TMZ are **DISMISSED WITH PREJUDICE**.  As a result, Lee's infliction of emotional distress claims against TMZ are similarly **DISMISSED WITH PREJUDICE**.  *LoBiondo v. Schwartz*, 323 N.J.Super. 391, 417 (N.J. Super. Ct. App. Div. 1999). ("It would obviously be intolerably anomalous and illogical for conduct that is held not to constitute actionable defamation nevertheless to be relied on to sustain a different cause of action based solely on the consequences of that alleged defamation.") Finally, to the extent members of Lee's family assert derivative claims against TMZ, those claims are also **DISMISSED WITH PREJUDICE**.  *See Lee*, 2015 WL 5638081, *5.

### III.  CONCLUSION

For the foregoing reasons, TMZ's motion to dismiss is **GRANTED**.  Lee's complaint against TMZ is **DISMISSED WITH PREJUDICE**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  March 22, 2016**

---

[4] Lee also notes that one of the TMZ article includes a TV advertisement allegedly used in connection with the illicit ring.  Again, Lee fails to explain how the use of the image does not fairly capture the nature of the allegations against the women named in the investigation.